THE STATE, DEFENDANT IN ERROR, v. ANNIE KUDELKA.
PLAINTIFF IN ERROR.

Decided August 10, 1926.

**Crimes—Manslaughter—Illegal Practice of Midwifery—Verdict
Not Against Weight of Evidence—Not Error to Admit Evi-
dence of Other Offenses—Evidence That Defendant Did Not
Have License to Practice Midwifery Introduced for Purpose
of Showing Defendant's Degree of Skill, and, Therefore, Not
Prejudicial as Showing Violation of Another Statute—Judg-
ment Below Affirmed.**

On error to the Morris County Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH
and CAMPBELL.

For the plaintiff in error, *Elmer W. Romine.*

For the defendant in error, *Albert H. Holland.*

PER CURIAM.

This is a writ of error bringing up a judgment of con-
viction under an indictment for manslaughter. The entire
record and proceedings at the trial are brought up under sec-
tion 136 of the Criminal Procedure act.

The proofs show that plaintiff in error delivered Veronica
Teczkowski of a child on December 9th, 1924, and that she
had attended her at the birth of other children at prior
times; that on December 9th the husband called upon the
plaintiff in error to attend his wife; that she reluctantly did
so; that she was in a temper, nervous and excited over a
condition of her daughter, or, as she herself says, that she
did not desire to render the service because she had a sore
foot and was unable to go. That a taxicab was secured and
plaintiff in error was conveyed to the Teczkowski home where
Mrs. Teczkowski was, by plaintiff in error, delivered of a

child, but with such wanton negligence that the death of Mrs. Taczkowski resulted therefrom on December 13th, 1924.

The first ground urged for reversal is that the judgment below is based upon a verdict that is not supported by the weight of the evidence. We do not find this to be so.

The next ground is that it was error to admit evidence of other offenses.

Plaintiff in error did not have a license, as required by statute, to practice midwifery, and the contention is that this evidence was error and harmful.

But the evidence in question was not introduced for the purpose of showing violations of the statute by the plaintiff in error, but simply for the purpose of showing that she had experience and skill in that profession. In that respect there was no error in admitting it.

The next ground urged is the refusal to charge defendant's requests numbers 4, 5, 6, 7, 8, 10, 12 and 17.

Our examination of the charge of the court brings us to the conclusion that all the matters covered by these requests were correctly and sufficiently charged.

The final matter urged is that the court erred in refusing to direct a mistrial upon the ground that the plaintiff in error was prejudiced by the prosecutor in his opening for the state, referring to her as "otherwise as Coolack."

Aside from the question that this matter is not properly before us there is no merit in the point attempted to be raised because it cannot be said that plaintiff in error was harmed or prejudiced thereby because in her own examination she admitted that her name formerly was Coolack, and that she was known by that name, although her present husband's name was Kudelka.

Finding no error in the record or proceedings upon any of the assignments or specifications argued and urged before us, the judgment below is affirmed.